IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARCUS ANTHONY TERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-042 |
| | ) | |
| WARDEN ANTONIO CALDWELL; | ) | |
| MEDICAL MENTAL HEALTH | ) | |
| COUNSELORS; MS. WATSON, Deputy | ) | |
| Warden of Care and Treatment; MS. JANE | ) | |
| DOE, Deputy Warden of Care and Treatment; | ) | |
| UNKNOWN INSURANCE PROVIDERS; | ) | |
| MS. GREER, Unit Manager; and MEDICAL | ) | |
| DIRECTOR of JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, commenced the above-captioned civil rights case *pro se*, pursuant to 42 U.S.C. § 1983. Along with his complaint, Plaintiff filed a "Motion . . . For T.R.O. as Preliminary Injunction." For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** his request be **DENIED**. (Doc. nos. 3-1, 3-2.)

I.  **DISCUSSION**

In his motion for injunctive relief, Plaintiff requests an immediate transfer to a different prison and that he be given the medical treatment he believes he needs for his self-diagnosed stroke. A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the

injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not met his burden of persuasion as to all four of these requirements. First, as described in detail in a simultaneously filed order, at this point in the litigation, Plaintiff's disjointed and conclusory allegations are insufficient to show Plaintiff has any valid claims, let alone that he has a substantial likelihood of success on the merits. Second, based on the current state of the pleadings, the Court cannot determine whether irreparable injury will occur without an injunction or weigh the harm to Defendants against any benefit to Plaintiff. Similarly, the Court cannot determine whether an injunction would not be adverse to the public interest. Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's request for injunctive relief. See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (*per curiam*). Thus, Plaintiff is not entitled to the relief he seeks.

For the sake of completeness, the Court also notes the law is well-settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Moreover, as a general rule, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Also, attachments to Plaintiff's complaint show that although he

may not agree with the medical treatment provided, he has been seen by medical staff at JSP regarding his alleged stroke.  (See doc. no. 1-1, pp. 22-23.)  A disagreement with prison officials over a diagnosis or course of treatment does not support a claim of deliberate indifference, let alone a finding that there is a substantial threat Plaintiff will suffer irreparable injury if the injunction is not granted.  See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010); see also Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments.").  Finally, to the extent Plaintiff requests prison officials be ordered to provide adequate medical care, that duty is already in place.  See Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).  Thus, the request for an order to provide adequate medical care would serve little purpose, as it would amount to nothing more than an instruction to "obey the law" – a duty already in place.  See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

## II.     CONCLUSION

In sum, Plaintiff has failed to satisfy all of the required elements for obtaining the injunctive relief he seeks.  Thus, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.  (Doc. nos. 3-1, 3-2.)

SO REPORTED and RECOMMENDED this 13th day of July, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA