IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARCUS ANTHONY TERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-042 |
| | ) | |
| WARDEN ANTONIO CALDWELL; | ) | |
| MEDICAL MENTAL HEALTH | ) | |
| COUNSELORS; MS. WATSON, Deputy | ) | |
| Warden of Care and Treatment; MS. JANE | ) | |
| DOE, Deputy Warden of Care and Treatment; | ) | |
| UNKNOWN INSURANCE PROVIDERS; | ) | |
| MS. GREER, Unit Manager; and MEDICAL | ) | |
| DIRECTOR of JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, incarcerated at Johnson State Prison in Wrightsville, Georgia, commenced this case *pro se*, pursuant to 42 U.S.C. § 1983. On July 13, 2021, the Court denied without prejudice Plaintiff's incomplete, unsigned motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 4, pp. 1-2.) The Court also directed Plaintiff to file an amended complaint, (id. at 2-3), and denied the request for appointed counsel, (id. at 5-6). To facilitate compliance with the Court Order, the Clerk of Court provided Plaintiff with a blank IFP form and prisoner complaint form. (See doc. nos. 4-1, 4-2.) The Court cautioned Plaintiff that failure to submit a new IFP motion and amended complaint would be an election to have this case voluntarily dismissed. (Doc. no. 4, p. 6.) Also on July 13th, the Court recommended denying Plaintiff's

request for injunctive relief, a recommendation adopted over Plaintiff's objection by United States District Judge Dudley H. Bowen, Jr., on August 4, 2021.  (Doc. nos. 5, 7, 8.)

Plaintiff filed a motion for reconsideration of the denial of his motion for injunctive relief, (doc. no. 11), and requested an extension of time to submit a new IFP motion and amended complaint, (doc. no. 9).  Where Plaintiff succeeded in obtaining an extension of time until October 2, 2021, to comply with the Court's July 13th Order, (doc. no. 10), he failed to succeed in changing the decision denying the request for injunctive relief, (doc. no. 14).  In the interim, Plaintiff appealed to the Eleventh Circuit Court of Appeals concerning the denial of his motions for appointment of counsel and injunctive relief, as well as the denial without prejudice of his incomplete, unsigned IFP motion.  (Doc. no. 12.)  He sought and received an extension of time until October 29, 2021, to file a motion for leave to proceed IFP on appeal.  Terrell v. Caldwell, No. 21-13107, *slip op.* at 1 (11th Cir. Sept. 24, 2021).  Back in District Court, the Court granted Plaintiff one final extension of time until October 15, 2021, (doc. no. 18), to file the amended complaint required by the Court's July 13, 2021 Order.

October 15th passed without submission of an amended complaint, but in the Eleventh Circuit, Plaintiff's appeal was dismissed in part for lack of jurisdiction.  The appellate court allowed the appeal to proceed with respect to the denial of injunctive relief but dismissed the appeal with respect to the July 13, 2021 Order denying the incomplete IFP motion and motion for appointment of counsel.  Terrell v. Caldwell, No. 21-13107, *slip op.* at 1-2 (11th Cir. Oct. 15, 2021).  Thus, while the injunctive relief portion of the case remained at the Eleventh Circuit, there was nothing hindering or otherwise limiting the requirement that Plaintiff submit an amended complaint in District Court.  Indeed, United

States District Judge Dudley H. Bowen, Jr., thrice confirmed Plaintiff's obligation to submit an amended complaint.  (See doc. nos. 14, 19, 21.)  On June 13, 2022, the Eleventh Circuit dismissed as frivolous the remaining portion of the appeal related to injunctive relief.  Terrell v. Caldwell, No. 21-13107, *slip op*. at 2 (11th Cir. June 13, 2022).  The time to submit an amended complaint has long since passed, and Plaintiff has not complied with the Court's multiple directives to do so.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

3

Here, Plaintiff's failure to file an amended complaint, or to provide the Court with an explanation for his failure to amend his complaint - other than his insistence to concentrate his efforts at the Eleventh Circuit on an appeal that has been dismissed as frivolous rather than submit the required amended complaint - amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  The Court cautioned Plaintiff that a failure to respond would be an election to have his case voluntarily dismissed.  Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's prior orders, dating back to July 13, 2021.  Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of June, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA